IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL ALCALA FARIAS,

    Plaintiff,                              No. CIV S-05-2235 FCD EFB PS

    vs.

NEW FOLSOM STATE PRISON,

    Defendant.                       FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, proceeding pro se, filed this action on November 4, 2005. This action is properly before this court pursuant to Local Rule 72-302(c)(21). On December 15, 2005, defendants L. Santos, Manya Edwards, Donald M. Henrikson, Jereann Lefever Garwood, Joann Morales, Sean Sollinger, and Gregory Capra (referred to collectively as the "defendants") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) for failure to state a claim. On December 23, 2005, plaintiff filed an opposition to that motion. The hearing was vacated and the matter taken under submission.[1]

////

////

---

[1] After the motion was taken under submission, the case was reassigned to the undersigned due to the retirement of Magistrate Judge Peter A. Nowinski.

1

BACKGROUND

This is a wrongful death action brought by plaintiff for the death of his son, George O. Alcala ("Alcala"), which occurred on May 31, 2000 while Alcala was incarcerated in the New Folsom State Prison.[2] Although the complaint lacks coherence in form and substance, it appears that plaintiff alleges that defendants killed Alcala, or otherwise concealed the true cause of Alcala's death. Plaintiff has attached numerous documents to his complaint, which is filed on a form used by prisoners to file a complaint under the Civil Rights Act, 42 U.S.C. § 1983. It is not clear why plaintiff used this form since he does not appear to be incarcerated.

The first attachment to the complaint is a letter from the Sacramento County Coroner's Office dated October 10, 2000. That letter explains that the coroner was required by law to perform an autopsy on Alcala because he died in state custody. The letter states that the cause of death was determined to be "suicide by hanging." The letter further explains that none of Alcala's organs were harvested and that the incisions on Alcala's body were necessary only to perform the autopsy. Based on handwritten notes made by plaintiff on this and other documents, it appears that he believes the coroner harvested Alcala's organs for donation. The next document attached to the complaint is a letter dated June 21, 2000, from the Office of the District Attorney for Sacramento County. That letter notes that plaintiff's inquiries regarding his son's death were forwarded to the Office of Internal Affairs. Following this attachment is a letter from the Department of Corrections Office of Internal Affairs addressed to plaintiff and dated September 20, 2000. That letter addresses plaintiff's belief that his son "was shot in the head (murdered) and after his death, his organs and blood were donated without . . . authorization." The letter reiterates that the incisions on Alcala's body were left by the autopsy and that the coroner determined the cause of death was suicide by hanging. Next, plaintiff attaches

---

[2] The court notes that "New Folsom State Prison" is the former name of "California State Prison, Sacramento." *See*, California Department of Corrections and Rehabilitation, California State Prison, Sacramento, *available at* http://www.cya.ca.gov/visitors/fac_prison_sac.html (last visited October 1, 2006).

2

correspondence from the State of California Government Claims Branch. Those letters indicate that plaintiff's claim was rejected by the Victim Compensation and Government Claims Board (the "Board"), which recommended that plaintiff's claims be resolved through formal legal action. It appears that plaintiff tried to amend his claim, but that the Board rejected it as untimely and again recommended filing an action in court.

The next document attached to the complaint appears to be an "amended complaint" filed with the Superior Court of California for the County of Sacramento on either August 22 or 24, 2005. The next series of documents include a death certificate for Alcala and the Coroner's report. Plaintiff also attaches what seem to be copies of photos of his son, although the quality is too poor to determine their subject.

Defendants' exhibits to the motion to dismiss show that plaintiff filed a state court action for his son's alleged wrongful death. *See* Declaration of Shanan L. Hewitt in Support of Motion to Dismiss, Exhibit B. The Sacramento Superior Court dismissed that action without leave to amend based, in part, on the running of the applicable statute of limitations.[3] Following that dismissal, plaintiff filed the present action with this court.

MOTION TO DISMISS

Defendants move to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, defendants argue that: (1) plaintiff's claims are barred by the applicable statute of limitations, former California Code of Civil Procedure Section 340(3); (2) plaintiff's claims are barred by *res judicata* and collateral estoppel; and, (3) plaintiff has failed to comply with, or allege compliance with the California Tort Claims Act. The

---

[3] On October 26, 2005, the Superior Court for the County of Sacramento entered judgment in favor of defendant Sacramento County and against plaintiff on defendants' demurrer. That court dismissed plaintiff's complaint without leave to amend, holding that plaintiff's action was barred by the applicable one-year statute of limitations. The court's ruling was also based on plaintiff's failure to allege compliance with the tort claims act with regard to its claims against the County. *See* Declaration of Shanan L. Hewitt in Support of Motion to Dismiss, Exhibit B.

3

undersigned recommends that the motion to dismiss be granted based on the running of the statute of limitations.

### A. Standard

A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6) unless it appears beyond doubt that plaintiff can prove no set of facts in support of its claims which would entitle plaintiff to relief. *NOW, Inc. v. Schiedler*, 510 U.S. 249, 256 (1994); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274-75 (9th Cir. 1993). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true. *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include specific facts necessary to support the claim. *NOW*, 510 U.S. at 256 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Federal Savings and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted

4

deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

B.      Statute of Limitations

Defendants argue that the applicable one-year statute of limitations bars plaintiff's claim for wrongful death.  Plaintiff filed this action on November 4, 2005.  As discussed below, the undersigned finds that the cause of action accrued by June, 2000.  The issue presented is whether, from the face of the complaint, plaintiff has failed to comply with the applicable statute of limitations.

Where it is apparent on the face of the complaint that the action is barred by the statute of limitations, the action may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).  Such a motion to dismiss "can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."  *Id.*

Although inartfully plead, it appears that the complaint together with its attachments makes a claim for wrongful death.  That cause of action, whether brought under state law on the basis of diversity, or as a survival action pursuant to 42 U.S.C. § 1983, is absolutely barred by the statute of limitations.

Again, the court notes that the complaint is filed on a form used by prisoners for filing civil rights claims pursuant to 42 U.S.C. § 1983.  Although plaintiff is not a prisoner, it is possible that he seeks to bring a survival action pursuant to 42 U.S.C. § 1983.  Survival actions are permitted under § 1983 if authorized by applicable state law.  *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998).  California law applies to this case and permits survival actions.  *See*

California Civil Procedure Code ("Cal. Civ. Proc. Code") § 377.60.[4]  However, the law limits who may bring survival actions, and plaintiff has failed to allege that he is Alcala's personal representative or any other person permitted by statute to bring the action.  Even so, as discussed below, plaintiff's wrongful death claim, whether brought pursuant to § 1983 or under state law, is barred by the applicable statute of limitations.

The applicable statute of limitations in this case is former California Code of Civil Procedure § 340(3).[5]  This statute applies to personal injury actions, including wrongful death actions, and actions brought pursuant to § 1983.  Cal. Civ. Proc. Code. § 340(3); *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 404 (1999); *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000) (the statute of limitations for an action brought under § 1983 is the forum states statute of limitations for personal injury).  Pursuant to Cal. Civ. Proc. Code § 340(3), the applicable statute of limitations period is one year.

Plaintiff's claims relate solely to the alleged wrongful death of his son, which occurred on May 31, 2000 – over six years ago.  Claims under § 1983 accrue when a plaintiff "knows or has reason to know of the injury which is the basis of the action." *Trotter v. Int'l Longshoremen's & Warehousemen's Union, Local 13*, 704 F.2d 1141, 1143 (9th Cir. 1983).  The law in California is similar with regard to accrual of actions.  *Norgart*, 21 Cal. 4th at 389, 391 (wrongful death action accrues on the date of death or when the plaintiff discovers, or has reason to discover, the cause of action).  Based on the attachments to the complaint, it appears that

---

[4] California Civil Procedure Code § 377.60 (as written in 2000 when plaintiff's claim accrued) permitted survival actions to be brought by the decedent's personal representative or by decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse, who would be entitled to the property of the decedent by intestate succession.

[5] The statute was revised in 2002 and set forth in Cal. Civ. Proc. Code § 335.1.  The new statute extends the limitations period from one year to two years, and has an effective date of January 1, 2003.  The new statute does not apply retroactively.  *Krupnick v. Duke Energy Morro Bay*, 115 Cal. App. 4th 1026, 1028-29 (2004).  Therefore, the statute of limitations as formerly set forth in Cal. Civ. Proc. Code 340(3), applies to this case.

6

1 plaintiff had notice of his son's death very soon after the actual date of death.  For example, a
2 letter from the Sacramento District Attorney to plaintiff, dated June 21, 2000, responds to
3 plaintiff's inquiries and suspicions regarding the true cause of Alcala's death.  Another letter
4 from the Department of Corrections Office of Internal Affairs dated September 20, 2000,
5 responds to plaintiff's belief that his son "was shot in the head (murdered) and after his death, his
6 organs and blood were donated without . . . authorization."  Based on these and other
7 attachments, it is clear that plaintiff had sufficient knowledge regarding the facts giving rise to
8 his allegations of wrongful death several years before filing this complaint and shortly after the
9 May 31, 2000, date of death.  This action was filed on November 4, 2005.  With the accrual of
10 the cause of action in 2000, plaintiff clearly failed to file this complaint within the one year
11 limitations period prescribed in California Code of Civil Procedure Section 340(3).
12 Accordingly, plaintiff's complaint is time barred.

   C. <u>Res Judicata</u>

    The moving defendants argue that this action should be dismissed based on the doctrines of *res judicata* and collateral estoppel.  Under the doctrine of *res judicata*, "'[a] final judgment on the merits bars a subsequent action between the same parties or their privies over the same cause of action.'"  *The Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1398 (9th Cir. 1992) (quoting *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1518 (9th Cir. 1985)).  The doctrine of *res judicata* consists of two concepts, issue preclusion, or collateral estoppel, and claim preclusion, or *res judicata*.  *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n.1 (1984).  "Claim preclusion [*res judicata*] refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit."  *Id*.  *Res judicata* "bars the assertion of any theory of recovery that could have been asserted in the first action."  *Fund for Animals*, 962 F.2d at 1398 (citing *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988)).  The proper application of res judicata requires several conditions to be met.  First, there must be an identity

7

of the claim and an identity of the parties. *Western Radio Servs. Co. v.Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). In addition, there must be a final judgment on he merits regarding that prior claim. *Id.*

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir. 1995). Collateral estoppel "applies only where it is established that (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 865 (9th Cir. 2000).

Thus, under both *res judicata* and collateral estoppel, there must be a final judgment on the merits and identity of the parties as to both proceedings. The court notes that the entire state court action was dismissed without leave to amend. *See* Declaration of Shanan L. Hewitt in Support of Motion to Dismiss, Exhibit B (order granting defendants' demurrer without leave to amend). A dismissal for failure to state a claim is a final judgment on the merits. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002).

However, there exist some discrepancies as to the identity of the parties in the state court action and the present action. In this action, plaintiff alleges a claim for wrongful death against multiple defendants who appear to be employed by the Sacramento County Coroner's Office, the Department of Corrections, and various other individuals. As discussed above, plaintiff brought a claim for wrongful death in state court in 2005. Defendants characterize that action as against the County of Sacramento, Sacramento County Coroner's Department, and Deputy Coroner L. Santos. *See* Defendants' Rule 12(b)(6) Motion to Dismiss ("Motion to Dismiss"), at 6:24-28. Defendants then state that in the present action, plaintiff *now*

8

names Sacramento County Deputy Coroner Manya Edwards, Donald M. Henrikson, M.D., Jereann Lefever Garwood, Joann Morales, Sean Sollinger and Gregory Capra. *See* Motion to Dismiss at 7:1-15.  However, based on the exhibits attached to the supporting declaration of defendants' motion to dismiss in this action, it appears that those defendants may have also been named in the state court action. *See* Declaration of Shanan L. Hewitt in Support of Motion to Dismiss ("Hewitt Decl."), Exhibit A at 4.

As "Exhibit A" to the Hewitt Declaration, defendants attach the civil cover sheet and complaint form filed in state court on June 5, 2005, wherein it appears that plaintiff names as defendants New Folsom State Prison, the Sacramento County Coroner, "Lieutenant S.D. Akin #13566," and Deputy Coroner L. Santos. *See*, Hewitt Decl., Exhibit A at 2.  Further confusing the matter is another document in defendants' "Exhibit A," which was filed in state court by plaintiff on March 11, 2005 (apparently before he filed the complaint), and which appears to request an extension of time to serve the complaint on a long list of defendants. *See* Hewitt Decl., Exhibit A at 4.  The defendants named in *that* document include all of the same defendants named in the present federal action, except "Ray Bracamontes" and "Robert Poncilla." *Id.*  These exhibits filed by defendants muddy, rather than clarify, the issue of which parties were named in the state court action.  Undoubtedly, the difficulty in discerning which entities and individuals are named as defendants is due to the incoherence of the pleadings filed in both actions.  Whatever the source of the confusion, the lack of clarity over which parties were named in the state court suit undermines the element of identity of parties.  Accordingly, the court declines to recommend dismissal on the additional basis of *res judicata*, finding that the "identity of parties" element is not sufficiently satisfied.  In any event, the court finds that the statute of limitations bars plaintiff's claims and is dispositive with regard to the dismissal of this action.

////

////

////

### D. California Tort Claims Act

Next, defendants argue that the action should be dismissed based on plaintiff's failure to comply with the California Tort Claims Act. Specifically, defendants argue that because the complaint is one against a public entity and public employees, plaintiff had to first present it to the "clerk, secretary, or auditor of the public entity, or [mail] it to one of these people or to the entity's governing body at its principal office." Motion to Dismiss, at 8:3-10. Defendants argue that plaintiff's filing of a claim with the Victim's Compensation Claims Board was not sufficient to comply with this mandate of the California Tort Claims Act.

While it appears that plaintiff has failed to comply with claim presentation requirement of the California Tort Claims Act, which bars any claim plaintiff is purporting to assert under that Act, it is possible as discussed above, to construe plaintiff's claim as a survival action made under § 1983 given plaintiff's use of a § 1983 complaint form. There is no formal requirement for the exhaustion of state judicial or administrative remedies for claims made under § 1983. *Ellis v. Dyson*, 421 U.S. 426, 432-33 (1975). In fact, it is settled law that a plaintiff need not comply with the requirements of the California Tort Claims Acts when bringing a federal civil rights action. *Lacey v. C.S.P. Solano Medical Staff*, 990 F. Supp. 1199, 1206-07 (E.D. Cal. 1997). Plaintiff's compliance with the California Tort Claims Act is irrelevant to the extent his claim is construed as one made pursuant to § 1983. However, for the reasons stated above, the court finds that the statute of limitations bars any claim under § 1983.

NON-MOVING DEFENDANTS

In the complaint, plaintiff names other defendants, including "New Folsom State Prison," "S.D. Akin, Lieutenant #13566," "Officer Snyder," "Officer Roth #53176," "Dr. Turella," "Officers Richar [*sic*] Bishop, badge 36187," "Jessie Ramsey, badge 425-98," "CDC Officer Abney," "Ray Bracamontes," and "Roberto Poncilla" (the "non-moving defendants").

////

////

These defendants have not joined in the motion to dismiss. However, the same analysis above applies to the other defendants as well to the extent plaintiff attempts to assert their liability for the wrongful death alleged in the complaint. The complaint's only allegations relate to the alleged wrongful death of Alcala. Any such claims are time barred for the same reasons stated above.[6]

Accordingly, IT IS RECOMMENDED that the claims against the non-moving defendants also be dismissed with prejudice based on the running of the statute of limitations.

CONCLUSION

Plaintiff's claim for wrongful death, whether brought under California state law or as a survival action under 42 U.S.C. § 1983 is barred by the applicable one-year statute of limitations.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss be granted on the basis that the action is time barred;

2. This action be dismissed with prejudice as to all named defendants; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[6] Moreover, it appears that plaintiff never served these non-moving defendants with a summons and copy of the complaint. Plaintiff filed proofs of service as to "Deputy L. Santos Coroner's Dept.," "Thomas Moore Agent in charge Dept. of Corrections," and "Wasco State Prison." Pursuant to Fed. R. Civ. P. 4(m), if a defendant is not served within 120 days of filing the complaint, the court may dismiss the complaint without prejudice as to that defendant. The complaint was filed on November 4, 2005. No return of service was ever filed as to these defendants.

11

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten (10) days after service of the objections.  The parties are
3  advised that failure to file objections within the specified time may waive the right to appeal the
4  District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,
5  951 F.2d 1153, 1157 (9th Cir. 1991).

6  DATED:  October 3, 2006.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE